# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CR 218-050-7 |
| DERRICK BERNARD JOHNSON, | |
| Defendant. | |

### ORDER

Before the Court is Defendant Derrick Johnson's motion for a sentence reduction, dkt. nos. 1036, 1037, to which the Government has responded in opposition, dkt. no. 1038. For the reasons given below, Defendant's motion is **DENIED in part** and **DISMISSED in part**.

### BACKGROUND

In December 2018, a grand jury returned a twenty-two-count superseding indictment against Defendant and his co-defendants. Dkt. No. 154. Defendant was named in Count 1 for conspiracy to possess with intent to distribute, and to distribute, crack cocaine, marijuana, and MDMA, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C). Id. In February 2019, the Government filed an information under 21 U.S.C. § 851 to enhance Defendant's statutory penalties based on his prior convictions.

In July 2019, pursuant to a written plea agreement, Defendant pleaded guilty to Count 1 in exchange for the Government agreeing to (1) withdraw the § 851 enhancement and (2) recommend a low-end

Sentencing Guidelines sentence. Dkt. No. 640 at 7. Defendant specifically agreed that "he is a career offender under U.S.S.G. § 4B1.1 for purposes of sentencing." Id. at 3. The plea agreement provides:

> Both parties agree that (1) the Defendant was at least eighteen years old at the time the Defendant committed the instant offense; (2) the instant offense of conviction is a controlled substance offense felony and (3) the Defendant has at least two prior qualifying felony convictions. Specifically, the Defendant has two controlled substance convictions that qualify him as a career offender, to wit:  a 2015 conviction in the Superior Court of Glynn County for Possession of Cocaine with Intent to Distribute CR-1500668-063; and a 2008 conviction in the Superior Court of Glynn County for Possession of Cocaine with Intent to Distribute CR 0700763-063.

Id. at 7.

Based on Defendant's career-offender status, the Presentence Investigation Report determined that he had a total offense level of 29 with a criminal history category of VI, which resulted in a Sentencing Guidelines range of 151 to 188 months' imprisonment. On January 23, 2020, the Court sentenced Defendant to 151 months' imprisonment. Defendant did not directly appeal. He is currently incarcerated at FCI Jesup with a projected release date of August 5, 2028.

## DISCUSSION

In his motion, Defendant "requests this Honorable Court [] vacate his sentence and remand for resentencing." Dkt. No. 1037 at 19. In support, Defendant relies on the First Step Act of 2018,

the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), and United States v. Dupree, 57 F.4th 1269 (11th Cir. 2023).

## I. First Step Act

Defendant first moves, pursuant to 18 U.S.C. § 3582(c)(2), for relief under the First Step Act. "The First Step Act made retroactive the statutory penalties for a 'covered offense' under the Fair Sentencing Act." United States v. Jasmin, 828 F. App'x 551, 553 (11th Cir. 2020) (citing First Step Act § 404). "A movant is convicted of a 'covered offense' if he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii), and 'if section two or three of the Fair Sentencing Act modified its statutory penalties.'" Id. (internal citations omitted) (citing United States v. Jones, 962 F.3d 1290, 1298, 1301 (11th Cir. 2020)).

Defendant, however, is not eligible for a sentence reduction under the First Step Act because he was charged, convicted, and sentenced after August 3, 2010. See Concepcion v. United States, 597 U.S. 481, 505 (2022) ("First Step Act sentence-modification proceedings are available only for offenders who were sentenced before August 3, 2010." (Kavanaugh, J., dissenting)); Jones, 962 F.3d at 1303 ("[T]he First Step Act does not permit a reduction when the Fair Sentencing Act would not have benefitted the defendant."). Therefore, Defendant's motion for a sentence reduction based on the First Step Act is **DENIED**.

## II. Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)

Defendant next argues that, if he were sentenced today, his sentence would be substantially shorter because he would no longer be designated a career offender in light of Dupree, and "this constitute[s] an extraordinary and compelling circumstance warranting release under § 3582(c)(1)(A)." Dkt. No. 1037 at 2, 11.

Before a prisoner can pursue a motion under 18 U.S.C. § 3582(c)(1)(A), however, he must first exhaust his administrative remedies with the Bureau of Prisons. As the Government notes in its opposition brief, dkt. no. 1038 at 8, Defendant has not shown that he has met the exhaustion requirements or that such administrative remedies were unavailable to him. As such, Defendant's § 3582(c)(1)(A) motion must be **DISMISSED**.

## III. United States v. Dupree

Even if the Court were to reach the merits of Defendant's Dupree argument, his motion would be denied. In Dupree, the defendant, on direct appeal, argued that his 21 U.S.C. § 846 conspiracy conviction could not serve as a predicate for his career offender enhancement because the Sentencing Guidelines' definition of "controlled substance offense" omitted conspiracy and other inchoate crimes. 57 F.4th at 1271. The Eleventh Circuit had to decide whether the definition of "controlled substance offense" in § 4B1.2(b) includes inchoate offenses such as conspiracy and

4

attempt.  Id.  The Court held it does not and remanded the case for resentencing.  Id.

In the instant motion, Defendant argues his § 846 conspiracy offense cannot be used to enhance his sentence as a career offender.  Dkt. No. 1037 at 2, 11, 14.

Even if Defendant's § 846 conspiracy offense contributed to his career offender status at sentencing, Dupree does not offer Defendant the relief he seeks.  "Dupree was decided by the Eleventh Circuit Court of Appeals—not Supreme Court-[three] years after [Defendant] was sentenced in [January 2020]; there has been no recognition by the Supreme Court of a newly recognized right regarding the definition of a 'controlled substance offense' in the Sentencing Guidelines as set forth in Dupree that has been made retroactively applicable on collateral review."  Wallace v. United States, No. CV 623-20, CR 620-001, 2003 WL 5498992 (S.D. Ga. July 25, 2023) (citing In re Boyd, No. 23-10705, 2023 U.S. App. LEXIS 6824, at *3 (11th Cir. Mar. 21, 2023) (explaining change to U.S. Sentencing Commissioner's amendment of career offender guideline is not a new rule of constitutional law and Dupree is a decision of the Eleventh Circuit, "not a retroactively applicable decision of the U.S. Supreme Court"); United States v. Lee, No. 8:18cr572, 8:20cv140, 2023 WL 1781648, at *3 (M.D. Fla. Feb. 6, 2023)); cf. In re Joshua, 224 F.3d 1281, 1283 (11th Cir. 2000) (per curiam) (explaining in context of denying authorization to

5

file second § 2255 motion that "for a new rule to be retroactive, the Supreme Court must make it retroactive to cases on collateral review. It is not enough that the new rule is or will be applied retroactively by the Eleventh Circuit."). Therefore, Dupree cannot at this time be retroactively applied to Defendant.

## CONCLUSION

Defendant's motion for a sentence reduction, dkt. nos. 1036, 1037, is **DENIED in part** and **DISMISSED in part**. It is **DENIED** as to Defendant's First Step Act argument and **DISMISSED** as to Defendant's § 3582(c)(1)(A) argument.

**SO ORDERED**, this 23 day of January, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA